The Western and Atlantic Railroad Co. *v.* Lewis.

Substantial justice having been done by the verdict rendered, a new trial was properly refused, though the motion therefor contained grounds which, technically considered, have some merit.

(a) Whatever errors may have been committed by the judge in his rulings during the progress of the trial, and in his charge to the jury, the evidence required a verdict for the plaintiff; and though the verdict is large, this court cannot, under the facts, say that it shows bias or prejudice on the part of the jury.

January 8, 1890.

Railroads. Negligence. Verdict. New trial. Before Judge MILNER. Bartow superior court. January adjourned term, 1889.

Reported in the decision.

John W. Akin, for plaintiff in error.

A. H. Cox, M. R. Stansell, and Harrison & Peeples, contra.

Simmons, Justice.

Lewis brought his action for damages against the railroad company, alleging that he was injured by reason of the carelessness and negligence of the defendant's servants in leaving a switch misplaced. It appears from the record that the plaintiff was a fireman on the locomotive of a passenger-train running from Chattanooga to Atlanta. At 1:40 o'clock A. M. December 19th, 1882, the locomotive on which the plaintiff was fireman reached Kingston station, on schedule time, and through a misplaced switch ran from the main track upon the side track where a freight-car was standing, colliding therewith. The speed of the train was estimated at from twelve to fifteen miles per hour, it having been slackened to this speed as it was to stop at Kingston. The locomotive was about two or three car-lengths from the switch when the engineer, who was on the lookout, saw the misplacement by the aid of

the locomotive's headlight.  He promptly applied the air-brakes, reversed the engine, cried to the plaintiff to look out, and jumped from the engine.  The plaintiff, who was putting coal in the furnace, upon hearing the engineer's cry, looked and saw that the latter was gone, glanced forward and observed the freight-car about thirty feet ahead, and followed the example of his superior.  In jumping, the plaintiff fell upon something which struck into his side above the hip, making a gaping wound about two inches long and three or four inches deep.  The wound proved to be serious and permanent.  He suffered therefrom from December, 1882, to the trial of this case in January, 1889, and his health was entirely destroyed.  Upon the trial of the case the jury returned a verdict of $9,000 for the plaintiff.  The defendant moved for a new trial, upon twenty-nine grounds.

We have carefully considered this case, holding it up for some length of time.  There are grounds in the motion for new trial which, considered technically, have some merit in them, while the others have none; but under the view we take of the case, it is unnecessary to discuss them *seriatim*.  The main object in all courts is to see that substantial justice is done between the parties, and if the parties have received substantial justice on the trial of the case, the litigation between them should end.  It is not the business or duty of courts to grant new trials upon technical grounds where justice has been done between the parties.  As before remarked, we have carefully considered this case, reading the entire record more than once, and we have come to the conclusion that substantial justice has been done between these parties by the verdict.  There is no dispute that the plaintiff was seriously injured and his health greatly impaired.  There is no dispute that the switch was misplaced; and there was no satisfactory

showing made by the defendant as to how it came to be misplaced. There was a feeble effort on the part of the watchman to show that some one not connected with the railroad misplaced it, but no one else but him saw any unauthorized person about the switch. It was not proved that any one else had a key that would fit the lock of the switch, and the lock was unbroken. The record shows that the plaintiff was free from fault. He was therefore entitled to recover, whatever may have been the errors committed by the trial judge in his rulings during the progress of the trial and in his charge to the jury. It is true that the verdict is for quite a large sum, but considering the nature of the plaintiff's injuries, the great suffering which he endured for six years, from the time he was injured up to the time of his trial, and the suffering which, according to the testimony of the physicians, he would probably endure thereafter, and considering his age and probable duration of life, we cannot say that the verdict is so large that it shows bias or prejudice on the part of the jury.

*Judgment affirmed.*